IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MATTHEW JAMAL WILLIAMS**  <br><br>  Plaintiff,  <br><br> v.  <br><br> **SCREENING REPORTS, INC.**  <br><br>  Defendant. | CIVIL ACTION  <br><br> NO. _____  <br><br> JURY TRIAL DEMANDED  <br><br> COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff, Matthew Jamal Williams, is an adult individual who resides in Windsor, Connecticut.

3. Defendant Screening Reports, Inc. ("Screening") is a consumer reporting agency that regularly conducts business in the District of Connecticut, and which has its headquarters and a principal place of business located at 2900 Monarch Lakes Boulevard, Suite 201, Miramar, FL 33027.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. In or around October 2022, Plaintiff was attempting to secure housing with The 600 Apartments ("600 Apartments").

7. As part of Plaintiff's rental application, 600 Apartments obtained a consumer report from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

10. The inaccurate information includes, but is not limited to, a criminal record for attempted rape that does not belong to the Plaintiff, but that actually belongs to at least one other consumer. Plaintiff has no criminal history of his own.

11. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer. Had Defendant followed reasonable procedures it would not have reported the inaccurate information, as any rudimentary check of the public records would have revealed these inaccuracies. Defendant obviously failed to employ such a procedure.

12. It appears Defendant failed to use procedures that take into account Plaintiff's extremely common name in direct contravention to established appellate case law. *Williams v. First Advantage LNS Screening Solutions, Inc.* 947 F.3d 735 (11th Cir. 2020).

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer report(s) that it has disseminated and sold to various persons, both known and unknown.

14. Defendant has sold report(s) containing the inaccurate information to third parties since at least October 2022.

15. As a result of the inaccurate report(s) Defendant sold to 600 Apartments in October 2022, Plaintiff was denied housing. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was not only a substantial factor for the denial, but the only factor.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost leasing and credit opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - VIOLATIONS OF THE FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## **JURY TRIAL DEMAND**

25. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,
_/s/ Sarah Poriss_____
Sarah Poriss, Esquire
777 Farmington Avenue
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarahporiss@prodigy.net

Siobhan E. McGreal*
**Francis Mailman Soumilas, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
smcgreal@consumerlawfirm.com
*Application for admission pro hac vice forthcoming*

Dated: February 29, 2024            ***Attorneys for Plaintiff***